# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ULYSSES BLACKSHEAR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV418-291 |
| | ) | |
| JOSE MORALES, *Warden*; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

*Pro se* plaintiff Ulysses Blackshear, detained at Coastal State Prison, alleges in his 42 U.S.C. § 1983 Complaint that he was subjected to deliberate indifference and excessive force when he was denied needed surgery after he was run over by a golf cart. Doc. 1 at 3. The Court granted plaintiff's request to pursue his case *in forma pauperis* (IFP), doc. 7, and he returned the necessary forms. Docs. 9 & 10. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.

Plaintiff alleges that on or around February 8, 2018, he tried to go to the prison law library. Doc. 1 at 6. Upon returning from the library due to its closure, plaintiff—who is wheelchair bound—was run over by a

maintenance worker driving a golf cart. *Id*. Plaintiff's injuries were severe enough that he lost consciousness. *Id*. Plaintiff was sent to the E.R. at the prison and then to Memorial Health, where he was given a CAT scan and informed he would need surgery. *Id*. Upon returning to the prison he informed Dr. Awe that he was in serious pain in his head, neck, and back and was unable to sleep or shower. *Id*. He alleges that he repeatedly informed both Dr. Awe and the Warden that he was in pain and had been told he would need surgery. *Id*. at 7, 12-13. Dr. Awe sent plaintiff for an MRI (where plaintiff was again informed that surgery was required), and was aware of plaintiff's need for surgery, he refused to provide either pain medication or surgery. *Id*. Plaintiff complains of serious headaches, excruciating pain in his neck band back, muscle spasms, nerve damage, and spinal stenosis. *Id*. at 11. He states that his condition is worsening daily. *Id*. Plaintiff has sued the Warden of Coastal State Prison, Dr. Awe, and Mr. Miller (the individual who ran him over).

To advance a claim for denial of proper medical care, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (the Constitution

imposes a duty upon prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care."). "[N]ot every claim by a prisoner that he has not received adequate medical treatment," however, "states a violation of the Eighth Amendment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotes and cite omitted). A prisoner must show that: (1) he had a serious medical need; (2) defendants were deliberately indifference to that need; and (3) some injury was caused by defendants' indifference. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). To show deliberate indifference, plaintiff must demonstrate that the defendants had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010). Plaintiff alleges that he was injured when he was run over by a golf cart, was informed by two outside doctors that he needed surgery to address his resulting injuries and severe pain, informed prison officials of this need repeatedly, but has not received that surgery or pain treatment in the last ten months. Doc. 1 at 12-13. At this screening stage, these allegations are sufficient to allow the case to proceed against the Warden and Dr. Awe.

3

As to plaintiff's claims against the driver of the golf cart, they appear to sound in state law negligence. 42 U.S.C. § 1983 is not the proper vehicle for such a claim. *Id.* (providing remedy for deprivation of rights, privileges, or immunities secured by the Constitution and laws). However, the Court assumes at this juncture that plaintiff intends to proceed pursuant to Georgia laws. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts may also exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Because at least one viable federal claim has been approved for service upon defendants, plaintiff's state law claims stemming from his injuries are properly before this Court as well. *See Williams v. Morales*, 2018 WL 2087247 at *3 (S.D. Ga. May 4, 2018) (*citing inter alia, Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Plaintiff's claims for deliberate indifference on the part of Dr. Awe and the Warden, and negligence against Mr. Miller, are thus **APPROVED** for service and the Clerk is **DIRECTED** to forward a copy of this Order,

along with plaintiff's Complaint, to the Marshal for service upon the defendants so that they may respond.

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $79.08 in average monthly deposits. Doc. 5. He therefore owes a $15.81 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $15.81 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[1]

**SO ORDERED** this <u>14th</u> day of February, 2019.

*/s/ Christopher L. Ray*
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

---

[1] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.